UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA LINTHICUM,<br><br>Plaintiff<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>Defendant | CASE NO. 1:15-CV-01120-AWI-GSA<br><br>ORDER REMANDING MATTER TO THE FRESNO COUNTY SUPERIOR COURT |

This is a mortgage foreclosure case brought by Plaintiff against numerous "corporate" and doe defendants. Plaintiff seeks relief under California law causes of action only. On July 17, 2015, Defendant JPMorgan Chase Bank, N.A. ("Chase") removed the case from the Fresno County Superior Court on the basis of diversity jurisdiction. See Doc. No. 1. Chase alleges that no other defendant has been served with the Complaint. For the reasons that follow, the Court will remand this matter pursuant to 28 U.S.C. § 1447(c) due to a lack of subject matter jurisdiction.

*Legal Standard*

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting

jurisdiction. Geographic Expeditions, 599 F.3d at 1106-07; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." Hunter, 582 F.3d at 1042; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." Geographic Expeditions, 599 F.3d at 1107; Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus, 980 F.2d at 566. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Gibson v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997); see California ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). That is, the court "must dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has filed a motion." Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995).

    Federal courts may exercise "diversity jurisdiction" when the amount in controversy exceeds $75,000 and the parties are in complete diversity, i.e. that citizenship of each plaintiff is different from that of each defendant. See Hunter, 582 F.3d at 1043; Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see also 28 U.S.C. § 1332(a). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2002). "National banking associations" are deemed "citizens of the States in which they are respectively located," 28 U.S.C. § 1348, and a national bank is "located" only in the state designated as its main office. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318-19 (2006); Rouse v. Wachovia Mort., FSB, 747 F.3d 707, 708 (9th Cir. 2014). A corporation is deemed a citizen of its state of incorporation and its principal place of business, i.e. its "nerve center." Harris v. Rand, 682 F.3d 846, 850-51 (9th Cir. 2012). A limited liability corporation is a citizen of all of the states of which its owners/members are citizens. Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Finally, a natural person is a citizens of the state in which she is domiciled, not the state in which she resides. Kanter, 265 F.3d at 857.

*Discussion*

The Notice of Removal sufficiently alleges that Plaintiff is a citizen of California.  See Kanter, 265 F.3d at 857.  The Notice of Removal sufficiently alleges that Chase is a national banking association whose main office is in Ohio.  See Rouse, 747 F.3d at 708.  Furthermore, given Chase's citation to a national bank list from the United States Treasury Department, the Court will assume that U.S. Bank, N.A. is a national banking association whose main office is in Delaware.  See id.  However, there are problems with the citizenship of the remaining defendants.

Relying on documents from the California Secretary of State's Office, Chase alleges that defendant Ocwen Loan Servicing, LLC ("Ocwen") is incorporated in Delaware with a principal place of business in Florida, and that defendant Western Progressive, LLC ("Western") is incorporated in Delaware with a principal place of business in Luxembourg City.  The problem is that the principal place of business and state of incorporation do not determine the citizenship of an LLC; rather an LLC's citizenship is the same as the citizenship of its members/owners. Carolina Cas. Ins. Co. v. Team Equip., Inc., 741 F.3d 1082, 1085 (9th Cir. 2014); Segundo Suenos, LLC v. Jones, 494 Fed. Appx. 732, 735 (9th Cir. 2012); Johnson, 437 F.3d at 899. Without allegations addressing the citizenship of an LLC's members/owners, a removing defendant fails to satisfy its burden of showing complete diversity.  Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 Fed. Appx. 62, 64 (9th Cir. 2011); see also Segundo Suenos, 494 Fed. Appx. at 735; Johnson, 437 F.3d at 899-900.  Because Chase makes no allegations regarding the citizenship of Ocwen's and Western's respective members/owners, Chase has failed to show complete diversity and invoke this Court's subject matter jurisdiction.  See id.

Courts have a duty to examine subject matter jurisdiction over removed actions *sua sponte*. United Investors, 360 F.3d at 967.  There is a strong presumption against subject matter jurisdiction that a removing defendant must overcome, and any doubt over subject matter jurisdiction results in a remand.  See Geographic Expeditions, 599 F.3d at 1106-07; Hunter, 582 F.3d at 1042.  Chase has failed to overcome the strong presumption against jurisdiction. Therefore, this Court is without subject matter jurisdiction and must remand this case to the Fresno County Superior.  See 28 U.S.C. § 1447(c); Bruns, 122 F.3d at 1257; Page, 45 F.3d at 133.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that this case is REMANDED forthwith to the Fresno County Superior Court, pursuant to 28 U.S.C. § 1447(c) due to a lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated:  July 21, 2015

SENIOR  DISTRICT  JUDGE